## PHELPS V. SANFORD.

ACTION of trespass, *vi et armis*, for entering the plaintiff's land, cutting and destroying his timber, etc. The issue was thus closed,—" which the defendant prays may be inquired of by the court: "— "And the plaintiff likewise."— Upon this issue the cause went to trial by the jury, and after a verdict for the defendant, it was moved in arrest by the plaintiff, and among other things alleged,— that the issue being closed to the court, the jury could not legally return any verdict in the cause; and, therefore, the verdict returned was not a sufficient foundation to render judgment upon.

Mr. Adams and Mr. Reeve, for the defendant, then moved, — That the record might be amended, by inserting the word country in the closing of the pleadings, instead of the word court; alleging, that it was the intention of the parties to have closed the issue thus, and that it was merely through mistake that the cause went to trial closed otherwise. They contended, that a misjoinding of issue was always held to be

amendable, and that innumerable instances of the kind might be produced from the books; and cited 8 Co. 161b; Cowper, 407, Sawyer v. Pocock; Ib. 425, Verelst and Smith v. Rafael.

On the other side, it was contended, by Mr. Tracy and Mr. Baldwin — That by the law of this state, the parties had right to join issue either to the court or country; and therefore, it was not mere matter of form, that was proposed to be amended, as in the cases cited, but that it was an alteration in a material and essential part of the issue, which was not legal. They cited, 1 Strange, 641, Cooper v. Spencer.

LAW, C. J. Here was an issue tendered, and nothing left for the other side, but to join; and the case being put to the jury, it is presumed, that it was done by mutual consent and agreement, and the omission a mere misprision; and therefore, ought not to be taken advantage of, to defeat a trial. And,

By the COURT. Let the record be amended.